**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:23-cv-00820** |
| | § | |
| **TEXAS STAR TRUCK SALES 1,** | § | |
| **LLC, HERMAN DALE GARCIA and** | § | |
| **MARIA GARCIA** | § | |
| | § | |
| **Defendants.** | § | |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Colony Insurance Company ("Colony") files this Original Complaint for Declaratory Relief and would show the following:

## I.    INTRODUCTION

1.      This is an insurance coverage action regarding coverage for claims asserted against Defendant Texas Star Truck Sales 1, LLC ("Texas Star"), in an underlying lawsuit styled *Maria Garcia v. Texas Star Truck Sales I, LLC and Herman Dale Garcia*, Cause No. 110254, filed in the 40th Judicial District Court in Ellis County, Texas ("Underlying Lawsuit"). Colony issued a commercial garage insurance policy to Texas Star. Colony seeks a declaration that it has no duty to defend Texas Star and Herman Dale Garcia under the commercial garage insurance policy for the claims asserted in the Underlying Lawsuit, and that it has no duty to indemnify Texas Star and Herman Dale Garcia for any liability and damages that may be awarded to Maria Garcia in the Underlying Lawsuit.

## II.    PARTIES

2.    Plaintiff Colony is a corporation formed under Virginia law with its principal place of business now located in Chicago, Illinois.

3.    Defendant Texas Star is a citizen of the State of Texas, being a Limited Liability Company formed in Texas. Texas Star's principal place of business is 6318 South Interstate 45, Wilmer, Texas 75172, and it may be served via its registered agent, Kevin Kosoris, at 200A N. Rogers Street, Waxahachie, Texas 75165, or at any other location where it may be found.

4.    Defendant Herman Dale Garcia is an individual who is a resident of Texas, and may be served with process at 8062 FM 879 Palmer, Ellis County, Texas 75152, or wherever he may be found.

5.    Defendant Maria Garcia, upon information and belief, is a resident of Ellis County, Texas.

## III.    JURISDICTION & VENUE

6.    This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Illinois and Virginia and Defendants are citizens of Texas. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

7.    This Court has personal jurisdiction over Defendants because they are citizens and residents of Texas.

8.    Venue is appropriate under 28 U.S.C. § 1391(b)(2) in that all or a substantial part of the events or omissions giving rise to this claim occurred in this district. The incident that gave rise to the Underlying Lawsuit occurred in Ellis County, Texas, and the Underlying Lawsuit was filed in Ellis County, Texas.

## IV.    THE UNDERLYING LAWSUIT

9.    It is alleged in the Underlying Lawsuit that on December 6, 2022, Herman Dale Garcia was operating an 18-wheeler truck on Texas Star's premises, located at or near 8010 FM 879 Palmer, Ellis County, Texas.

10.    The Underlying Lawsuit also alleges that at all times, Herman Dale Garcia was acting within the scope of his employment for Texas Star or advancing Texas Star's pecuniary interest as its agent.

11.    It is alleged in the Underlying Lawsuit that Herman Garcia Sr., Deceased, was in the yard of the premises when Herman Dale Garcia, who was driving an 18-wheeler truck owned by Texas Star, ran over Herman Garcia Sr., Deceased.

12.    The Underlying Lawsuit thus alleges that Herman Garcia Sr., Deceased, sustained fatal injuries and died as a result of being run over by Herman Dale Garcia.

## V.    COLONY'S INSURANCE POLICY

13.    Colony issued a commercial garage policy to Texas Star, bearing policy number GP8535166, for the policy period of June 26, 2022, to June 26 2023 (the "Policy"). The Policy provides no coverage for the claims Plaintiff asserts in the Underlying Lawsuit.

14.    The insuring agreement of the Policy states, in relevant part:

**SECTION II – LIABILITY COVERAGES**

**A. Coverage**

**2.    "Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos"

We will have the right and duty to defend any insured against a "suit" asking

for these damages. However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the applicable Liability Coverage Limit of Insurance – "Garage Operations" – Other Than Covered "Autos" has been exhausted by payment of judgments or settlements.

\* \* \*

15.    Additionally, the Policy contains a Garage – Driver Exclusion endorsement, which states:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

**TEXAS GARAGES – DRIVER EXCLUSION**

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**Schedule of Driver(s) or Operator(s) Not Covered**

| | | |
|---|---|---|
| Rogelio Cortez | Sonia Serna-Cano | Marcos A. Cardenas |
| Brandon Garcia | Salvador Vargas | Herman Dale Garcia Jr. |
| Jose E. Campos | Elias Munoz | |

This insurance does not apply to "bodily injury", "property damage" or "loss" arising out of the ownership, maintenance or use of a covered "autos", mobile equipment or any other motor vehicle while being operated, driven or used by Driver(s) or Operator(s) listed above whether or not you have given your express or implied permission for the operation, driving or use. This exclusion will also serve as a rejection of Uninsured Motorist and Underinsured Motorist coverage and Personal Injury Protection (no-fault) coverage while a covered "auto", mobile equipment or any other motor vehicle is operated, driven or used by the excluded Driver(s) or Operator(s) listed above.

\* \* \*

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED

\* \* \*

16.    Based on the foregoing exclusion, coverage is precluded under the Policy for the claims Plaintiff asserts against Texas Star and Herman Dale Garcia in the Underlying Lawsuit.

## VI.    COUNT ONE: DECLARATORY JUDGMENT —NO DUTY TO DEFEND OR INDEMNIFY

17.    The foregoing Paragraphs 1 through 16 are incorporated herein by reference.

18.    An actual and justiciable controversy exists between Colony and Defendants concerning their respective rights and liabilities under the Policy.

19.    The claims asserted against Texas Star in the Underlying Lawsuit all stem from Herman Dale Garcia's operation of the 18-wheeler truck owned by Texas Star.

20.    Pursuant to the Policy, coverage is therefore precluded for the claims because Herman Garcia Sr., Deceased's, fatal injuries arose out of Herman Dale Garcia's operation of the 18-wheeler truck owned by Texas Star.  The Policy's Texas Garages – Driver Exclusion endorsement expressly precludes coverage for any bodily injury or loss arising out of the ownership, maintenance or use of a covered motor vehicle while being operated, driven or used by Herman Dale Garcia.

21.    Colony therefore seeks a declaration pursuant to 28 U.S.C. § 2201 that it has no duty to defend Texas Star and Herman Dale Garcia against the claims asserted in the Underlying Lawsuit and that it has no duty to indemnify Texas Star and Herman Dale Garcia for any liability and damages that have been or may be awarded to Plaintiff.

## VII.    RESERVATION TO AMEND

22.    Plaintiff reserves the right to amend this action as necessary and to include any additional claims that may be made.

## VIII. PRAYER

WHEREFORE, Plaintiff Colony Insurance Company prays for a declaration that it has no duty to defend or indemnify Defendant Texas Star Truck Sales 1, LLC and Herman Dale Garcia in the Underlying Lawsuit as set forth above and for any further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
State Bar No. 24041468
stephenm@tbmmlaw.com
Matt Rigney
Texas Bar No. 24068636
mattr@tbmmlaw.com
Orlando Vera, Jr.
Texas Bar No. 24100018
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199
**ATTORNEYS FOR PLAINTIFF
COLONY INSURANCE COMPANY**