IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:23-CV-00820-K |
| | § | |
| TEXAS STAR TRUCK SALES 1, LLC, | § | |
| HERMAN DALE GARCIA, and MARIA | § | |
| GARCIA | § | |
| | § | |
| Defendants. | § | |

## AGREED FINAL JUDGMENT

Before the Court is Plaintiff Colony Insurance Company ("Colony") and Defendants Texas Star Truck Sales 1, LLC ("Texas Star") and Defendant Herman Dale Garcia's (collectively, the "Moving Parties") Joint Motion to Enter Agreed Final Judgment (the "Motion"). Doc. No. 37. The Moving Parties seek a final judgment declaring that Colony has no duty under a commercial garage policy numbered GP8535166 to defend or indemnify Texas Star or Mr. Garcia against claims asserted by *pro se* Defendant Maria Garcia in a separate action captioned *Garcia v. Texas Star Truck Sales I, LLC et al.*, No. 110254 (40th Dist. Ct., Ellis County). As of March 25, 2024, Ms. Garcia has not responded to the Motion. Because the Court twice advised Ms. Garcia that it would construe her failure to respond by March 20, 2024 as agreement that the Motion should be granted, the Court understands all parties to be agreed that the requested relief is appropriate. Doc. Nos. 42–43.

1

The Court has also considered whether it is proper to rule on Colony's duty to indemnify while Ms. Garcia's separate action remains pending. *Liberty Mut. Fire Ins. Co. v. Copart of Conn., Inc.*, 75 F.4th 522, 535–36 (5th Cir. 2023). The Court concludes that it is in this case because, on the facts set forth in the agreed judgment, "the same reasons that negate the duty to defend likewise negate any possibility [Colony] will ever have a duty to indemnify." *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997) (per curiam) (emphasis deleted); *see also Canal Indem. Ins. Co. v. TexCom Transp., LLC*, 2010 WL 2301007, at *6 (N.D. Tex. June 4, 2010) (Kaplan, M.J.). The agreed judgment states that a policy exclusion, which appears in full at docket entry 44-2, withdraws coverage for claims arising from use of an automobile by Mr. Garcia causing bodily injury. Doc. No. 37 at 5–6. Ms. Garcia's separate action seeks recovery for the death of her husband, which allegedly occurred when Mr. Garcia ran over him in a truck. *Id.* at 5; Doc. No. 44-1 at 5–9. Assuming with the parties that the policy exclusion denies Texas Star and Mr. Garcia coverage for this claim as pled, there is no possibility that facts introduced at trial in the separate action against Mr. Garcia will reveal a basis for coverage. Coverage still will not extend to claims based on the use of an automobile by Mr. Garcia.

In view of the above circumstances, the Court **GRANTS** the Moving Parties' Motion for entry of an agreed final judgment. Because the agreed judgment finally resolves all requests for relief in this action, the Court **DENIES** Colony's pending Motion for Summary Judgment as moot. Doc. No. 44.

In accordance with the proposed agreed judgment, it is **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

Texas Star and Herman Dale Garcia were sued in an underlying lawsuit styled Maria Garcia v. Texas Star Truck Sales I, LLC and Herman Dale Garcia, No. 110254, in the 40th Judicial District Court in Ellis County, Texas. The underlying lawsuit arises out of a December 6, 2022, accident in which Herman Dale Garcia was allegedly operating an 18-wheeler truck on Texas Star's premises as a purported employee of Texas Star. In the underlying lawsuit, Maria Garcia contends a truck operated by Herman Dale Garcia ran over Herman Garcia, Sr., causing him to suffer fatal injuries. Texas Star and Herman Dale Garcia specifically deny liability underlying lawsuit.

Colony issued a commercial garage policy to Texas Star, bearing policy number GP8535166, for the policy period of June 26, 2022, to June 26, 2023. The Policy contains an endorsement titled "Texas Garages—Driver Exclusion," which provides that there is no coverage for bodily injury arising out of the use of an auto being driven by a named excluded driver. Herman Dale Garcia is named as an excluded driver on said policy.

Colony, Texas Star, and Herman Dale Garcia agree that the Policy does not provide coverage for the claims asserted in the underlying lawsuit or any claim arising from the death of Herman Garcia, Sr. Therefore, Colony has no duty to defend Texas Star or Herman Dale Garcia against the claims asserted or that could be asserted in the underlying lawsuit. Further, Colony has no duty to indemnify Texas Star or Herman

Dale Garcia against a settlement reached or judgment entered in the underlying lawsuit.

The parties to this agreement shall bear their own costs and fees incurred.

**SO ORDERED.**

Signed March 26th, 2024.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE

4